```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                        AT CHARLESTON


WILLIAM R. MARTIN,

          Plaintiff,

v.                                  Civil Action No. 2:15-7007


LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and
LIBERTY MUTUAL INSURANCE COMPANY and
THE DOW CHEMICAL COMPANY,

          Defendants.
```

MEMORANDUM OPINION AND ORDER

On June 1, 2015, this action was removed from state court. The complaint and its attachments, and apparently other documents found in the case file, were placed under seal by the state court prior to removal.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner

Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis supplied).

The plaintiff has not made the showing necessary to maintain the present seal. It is, accordingly, ORDERED as follows:

1. That the seal be, and hereby is, lifted respecting the following documents filed in this court: the verified complaint, Exhibit A thereto, which is the applicable summary plan description, the summons, the motion to seal and its certificate of service, and the notice of

removal, with the foregoing placed of record forthwith;

2. That the remaining exhibits filed in this court and attached to either the verified complaint or the notice of removal be, and hereby are, maintained under seal until June 15, 2015, at which time plaintiff's counsel is directed to advise the court in writing of any requested redactions to be made thereto, if any, in accordance with Rule 5.2.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: June 5, 2015

John T. Copenhaver, Jr.
United States District Judge